**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

EFRAIN A.H.,

Petitioner,

v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-4351 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Kira Aakre Kelley, **CLIMATE DEFENSE PROJECT**, P.O. Box 7040, Minneapolis, MN 55407, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Efrain A.H. is a citizen of Mexico and Minneapolis resident who is currently in Immigration and Customs Enforcement ("ICE") custody. On October 9, 2026,

Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments of the U.S. Constitution.

The Court concludes that Petitioner was not arrested pursuant to a valid administrative warrant and that Respondents have made no showing to support a lawful arrest. Consequently, the Court will grant the petition and order Petitioner's immediate release.

**BACKGROUND**

**I. FACTS**

Petitioner is a citizen of Mexico who entered the United States without inspection and has lived in Minneapolis since 2001. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 11, Oct. 9, 2026, Docket No. 1.)

On October 6, 2026, ICE officers in Brooklyn Park noticed a white van being loaded. (Decl. of Zachary Knutson Rivers ("Rivers Decl.") ¶ 17, Ex. A. at 2, Oct. 16, 2026, Docket No. 6.) ICE officers ran a records check and learned that the van was registered to Petitioner and that Petitioner did not have lawful immigration status in the United States. (*Id.*) The officers followed the van for about two miles and then stopped Petitioner for a traffic stop. (Pet. ¶ 14; Rivers Decl., Ex. A at 2.) ICE officers confirmed Petitioner's identity using his Minnesota identification card. (Rivers Decl., Ex. A at 2.) Petitioner asserts that he was not presented with a warrant (Pet. ¶ 15); the record indicates Petitioner was served an I-200 administrative arrest, which had been issued on October 2, 2026 (Rivers

Decl., Ex. A at 2, Ex. B.) No box is checked on the warrant to indicate the basis for the determination that Petitioner is removable from the United States. (*Id.*, Ex. B.) There is no evidence in the record that ICE obtained a Notice to Appear, Form I-862.

## II. PROCEDURAL HISTORY

On October 9, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus, contending that his arrest was unlawful under the Fourth Amendment and that his detention is unlawful under the Due Process Clause of the Fifth Amendment. The Court directed Respondents to immediately return Petitioner to Minnesota if he had been removed, and to file a reasoned memorandum responding to Petitioner's claims. (Docket No. 4.) Respondents timely filed their response. (Docket No. 5.)[1] In response to the Court's order, Respondents are in the process of returning Petitioner to Minnesota. (Rivers Decl. ¶ 17.)

# DISCUSSION

## I. STANDARD OF REVIEW

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District

[1] Petitioner submitted a reply after the deadline set in this Court's Order, without requesting an extension or otherwise providing a rationale for the late response. (Docket No. 7.) Accordingly, the Court does not consider the reply.

courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

## II. ANALYSIS

Respondents argue that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1225(b)(2). Respondents assert first that the I-200 administrative warrant was valid, despite the lack of a prior Notice to Appear. In the alternative, Respondents assert that no Notice to Appear was necessary because Petitioner accepted voluntary departure, and because ICE officers effectuated a warrantless arrest.

### A. Compliance with 8 U.S.C. § 1226(a)

Respondents argue that Petitioner is subject to mandatory detention pursuant to § 1225(b)(2). But Respondents arrested Petitioner under an I-200 administrative warrant—in doing so, Respondents "invoked the discretionary detention provisions of 8 U.S.C. § 1226" by representing to Petitioner that his arrest was based on 8 U.S.C.

§ 1226(a). *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *1 (D. Minn. May 5, 2026). The Court will hold Respondents to those representations. *Jose M. v. Blanche*, Civ. No. 26-3927, 2026 WL 2690238, at *2 (D. Minn. Sept. 14, 2026). Accordingly, the Court considers Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Thus, to detain a noncitizen under § 1226(a), a warrant is required. *E.g.*, *Martha C.G.P. v. Blanche*, Civ. No. 2308, 2026 WL 1329577, at *3 (D. Minn. May 13, 2026). A Form I-200 administrative warrant authorizes detention of a non-citizen if it is issued "[a]t the time of issuance of the [Notice to Appear], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). A Form I-200 administrative warrant is invalid if it is issued **prior** to a Notice to Appear; the warrant must be issued at the same time, or after, a Notice to Appear. *Martha C.G.P.*, 2026 WL 1329577, at *3; *Francisco M.A.*, 2026 WL 1229701, at *2. The Court rejects the argument that an I-200 administrative warrant is valid without a prior Notice to Appear.

Based on the record before the Court, there is no evidence that there was any Notice to Appear here, let alone a Notice to Appear that preceded the I-200 administrative warrant. Respondents make no argument that the Notice to Appear was issued prior to, or at the same time as, the Form I-200 administrative warrant.

Accordingly, the arrest here was not lawful as authorized by a Form I-200 administrative warrant.[2] Respondents also contend that a Notice to Appear was unnecessary because, after he was arrested and in custody, Petitioner accepted voluntary departure. (Rivers Decl. ¶ 11, Ex. C (providing a copy of the Form I-210).) The Court does not assess the voluntary departure argument because Petitioner signed the form only after being taken into custody without a lawful administrative warrant.

**B. Compliance with 8 U.S.C. § 1357(a)**

The Court next considers if ICE effectuated a lawful warrantless arrest. For similar reasons to those in *Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 2935475 (D. Minn. Sept. 30, 2026), the Court concludes that ICE did not. "[I]t does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests." *Francisco M.A.*, 2026 WL 1229701, at *2. Under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any [noncitizen] in the United States" without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit

[2] The Court also notes that the administrative warrant itself provides no justification for Petitioner's detention. (Rivers Decl., Ex. B.) Although the I-200 form includes a list of five determinations that may be used to justify a Petitioner's detention, not a single boxed is checked.

has interpreted "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Respondents' Declaration is not from any of the ICE officers who signed either the Department of Homeland Security's Record of Deportable/Inadmissible Alien (Form I-213) or the Form I-200 administrative warrant, nor from the ICE officers who arrested and took Petitioner into custody. (*See* Rivers Decl. ¶ 3 & Exs. A–B.) The Court could infer from the I-213, that, at best, an ICE officer had reason to believe that Petitioner was in violation of immigration laws, given the results of the record check that ICE officers ran on the white van that indicated Petitioner was present in the United States without authorization.

Turning to the second requirement, the Supreme Court has not interpreted "likely to escape," but has explained that warrantless arrests should be conducted only in "specific, limited circumstances." *Arizona v. United States*, 567 U.S. 387, 410 (2012). As relevant here, the inquiry into whether a person is likely to evade immigration officers "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Walther Ademir A.S. v. Blanche*, Civ. No. 26-2804, 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, Civ. No. 25-3417, 2026 WL 1256234, at *10 (D.D.C. May 7, 2026)). ICE Guidance from January 2026 coheres with this

interpretation—former ICE Acting Director Todd Lyons interpreted "likely to escape" as meaning that the individual is "unlikely to be located at the scene of the encounter **or another clearly identifiable location once an administrative warrant is obtained**." *Hussen v. Noem*, 822 F. Supp.3d 944, 981–82 (D. Minn. 2026) (emphasis added).

The Court will therefore consider if Petitioner was "likely to escape before a valid warrant could be obtained and properly executed," *Francisco M.A.*, 2026 WL 1229701 at *3, and also "whether it was likely that ICE officers would be able to locate [Petitioner] after obtaining a warrant to arrest him," *Walther Ademir A.S.*, 2026 WL 173906, at *3.

Petitioner meets neither of the two categories. First, The I-200 administrative warrant, though not served until October 6, 2026, is dated October 2, 2026. Respondents do not claim that the document is misdated or otherwise erroneous, despite asserting that Petitioner was identified for the first time on October 6, 2026. This four-day span indicates that ICE had time to secure a Notice to Appear and an I-200 administrative warrant. Thus, Petitioner was not likely to escape before ICE could obtain and execute a warrant.

Second, there is no indication that officers would not be able to locate Petitioner at another location. Petitioner was in a van, suggesting that he may have been able to escape before a warrant could be issued—though, again, the existing I-200 administrative warrant dated October 2, 2026, would indicate otherwise. *See Jany W.G.C. v. Easterwood*, Civ. No. 26-3486, 2026 WL 2364413, at *2 (D. Minn. Aug. 14, 2026) (noting that the Court

"is skeptical that mere access to a vehicle gives rise to probable cause that a noncitizen is likely to flee"). Even if Petitioner could flee, Respondents failed to show that ICE officers would be unable to arrest Petitioner at another identifiable location after obtaining a lawful administrative warrant. Identifiable locations associated with Petitioner include the address listed on his Minnesota Identification card, the van's registered address from the record check, and the address listed for Petitioner on the I-213. The record does not establish that ICE officers would have been unable to locate Petitioner after obtaining a warrant to arrest him.

Respondents also argue that Petitioner was in the country without lawful immigration status. But immigration status does not in and of itself present a likelihood of escape. "To hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one . . . ." *Francisco M. A.*, 2026 WL 1229701, at *3. Section 1357(a)(2) requires an officer to have reason to believe "(1) the noncitizen is in the United States illegally **and** (2) the noncitizen is 'likely to escape before a warrant can be obtained for his arrest.'" *Francisco M. A.*, 2026 WL 1229701, at *3 (quoting 8 U.S.C. § 1357(a)(2)). In short, neither his access to a van nor his immigration status make it likely that Petitioner would escape before a lawful warrant could be obtained and executed, especially given that Petitioner had been living in Minnesota since 2001.

Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with the requirements for arresting a noncitizen without a warrant in 8 U.S.C. § 1357. Respondents therefore also improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

### C. Remedy

Because Petitioner was not arrested pursuant to a valid I-200 administrative warrant and officers failed to comply with the requirements for a warrantless arrest, the Court concludes that Petitioner's detention is unlawful. And as in other similar cases, the Court concludes that the appropriate remedy is release from custody. *See, e.g.*, *Manuel P.N. v. Easterwood*, Civ. No. 26-3799, 2026 WL 2823650, at *2 (D. Minn. Sept. 21, 2026); *Ivan F.M. v. Blanche*, Civ. No. 26-4012, 2026 WL 2935475, at *3 (D. Minn. Sept. 30, 2026).[3]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jose A.S.F.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable and **no later than 48 hours from the filing of this Order**. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota

[3] In reaching these conclusions, the Court offers no view on Petitioner's claims under the United States Constitution.

prior to his release. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.

2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on October 26, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on October 29, 2026**.

DATED: October 23, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge